UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TAYLOR ET AL. | No. 3:23-cr-62 (OAW) |

**ORDER**

Defendants Pappas, Gumbs, Lauria, Ablondi-Taylor, and Paolella individually have filed motions to sever. *See* ECF Nos. 223, 286, 296, 300, 302, and 448, respectively. The government has filed responses in opposition to these motions. *See* ECF Nos. 241 and 331. For the reasons stated herein, these motions to sever (ECF Nos. 223, 286, 296, 300, 302, and 448) are **DENIED**.

I. **BACKGROUND**

On April 4, 2023, the grand jury returned a fourteen-count indictment charging fourteen defendants with offenses relating to a conspiracy related to the possession and distribution of narcotics. *See* ECF No. 21.

Count One of the indictment charges Defendants Lauria, Ablondi-Taylor, and Paolella (among others) with the distribution of controlled substances, and conspiracy to possess with intent to distribute the same, in violation of Sections 841 and 846 of Title 21 of the United States Code. ECF No. 21 at 1. Defendants Lauria, Ablondi-Taylor, and Paolella request severance of their cases from one another, and from each of their other codefendants, so as to be tried separately. *See* ECF Nos. 300 at 1; 302 at 1; 448 at 1.

1

Defendant Pappas is charged in Counts One and Two of the indictment. Count Two alleges a violation of the same statute as does Count One, but relates to conduct from a later time frame.[1] ECF No. 21 at 1–3. He seeks severance from codefendants on speedy trial grounds, or, alternatively, asks the court to sever Count Two from the other counts of the indictment. ECF No. 223 at 1.

Defendant Gumbs is charged in Counts One, Five, Eight, Nine, and Ten.[2] He wishes to be severed from Count Two of the indictment, and from all of its charged defendants. ECF No. 286 at 1. However, he does not appear to request severance from the remaining defendants charged with him as to the other counts. *See id.* at 1; ECF No. 286-1 at 5 (suggesting, "If there are going to be two trial groups [as to] this Indictment, we request that Mr. Gumbs be severed from Count Two defendants."); *cf.* ECF No. 286-1 at 1 (seeking "to be severed from all Count Two defendants").

## II. LEGAL STANDARD

### A. Joinder

Rule 8 of the Federal Rules of Criminal Procedure provides that an indictment may charge more than one defendant together if "they are alleged to have participated in the

---

[1] Count One alleges a conspiracy among twelve defendants (Taylor, Gumbs, Pepe, Lauria, Paolella, Ablondi-Taylor, Apotrias, Joslin, King, Greatsinger, Cahill, and Pappas) from approximately January 2022 through November 2022. Count Two alleges a conspiracy among three defendants (Pappas, Fausel, and Echevarria) from approximately January 2023 through March 28, 2023.

[2] Count Five charges two defendants (Gumbs and Greatsinger) with possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. Count Eight charges Defendant Gumbs with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Count Nine charges Defendant Gumbs with possession of a firearm in furtherance of a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Ten charges Defendant Gumbs with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8).

2

same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "[J]oinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (citing *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990)). In fact, "there is a preference, in the federal system, for the joint trial of defendants indicted together . . . ." *United States v. Rosario*, No. 3:21CR00186-3(SALM), 2022 WL 1984001 (D. Conn. June 6, 2022) (quoting *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)).

Courts use a "'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder." *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007). Conspiracy charges merit joinder under Rule 8(b) so long as the charges are not frivolous. *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988). "The mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." *United States v. Friedman*, 854 F.2d 535, 561 (2d Cir. 1988) (citation omitted). It is similarly proper to join separate conspiracies if there is a common purpose and "an overlap of participants and acts." *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)).

Rule 14 of the Federal Rules of Criminal Procedure allows a properly joined defendant to be severed if a consolidated trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14(a). District courts have wide discretion when deciding

whether or not to sever trials.  See *United States v. Moody*, 660 F. Supp. 2d 340, 343 (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

Joint trials offer numerous benefits in fairness and efficiency, particularly in large conspiracy cases, avoiding witnesses being asked to testify multiple times, having to present the same evidence repeatedly, and the risk of inconsistent verdicts.  See *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).  Defendants who have been indicted together should be tried together, unless "there is a serious risk that a joint trial would compromise a specific trial right of the moving defendant or prevent the jury from making a reliable judgment about guilt or innocence."  *Rosa*, 11 F.3d at 341; *see also Zafiro*, 506 U.S. at 534.

A defendant's showing that they would have a better chance of acquittal if severed is not enough to find substantial prejudice; they must be able to show that a specific trial right was violated.  See *United States v. Potamitis*, 739 F.2d 784, 790 (2d Cir. 1984).  Further, separate trials are not required simply because evidence is introduced against one defendant which is not used as evidence against another defendant.  *Hanger v. United States*, 398 F.2d 91, 100 (8th Cir. 1968).

"A defendant seeking severance must show that the prejudice to him from joinder is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials."  *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).

### B. Speedy Trial Rights

Criminal defendants have the right to a speedy trial under the Sixth Amendment of the Constitution of the United States, as well as the Speedy Trial Act of 1974.  Therefore, defendants have both statutory and constitutional grounds to bring speedy trial claims.

Even in multi-defendant cases, there is only one speedy trial clock, and delays from any individual defendant will impact the clock for all codefendants. *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983); *United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986). "The only inquiry made in such multiple defendant cases is whether the delay is reasonable." *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995) (internal quotations omitted).

"To determine whether trial delays caused a violation of a defendant's constitutional speedy trial right, we must, in each case, consider the public and private interests at stake by balancing four factors set forth by the Supreme Court. Those factors are: (1) the length of the delay; (2) the reasons for the delay; (3) whether the defendant asserted his right in the run-up to the trial; and (4) whether the defendant was prejudiced by the failure to bring the case to trial more quickly." *United States v. Ghailani*, 733 F.3d 29, 36–37 (2d Cir.2013) (citing the factors named in *Barker v. Wingo*, 407 U.S. 514, 530-533 (1972)). None of these factors alone is determinative of a violation of a defendant's speedy trial right, but they must each be considered along with the context of the case. *See Barker*, 407 U.S. at 533; *see also United States v. Papachristou,* No. 3:12-CR-00117-WWE, 2014 WL 2619902 (D. Conn. June 12, 2014).

The court has a "continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Rittweger*, 524 F.3d at 179 (quoting *Schaffer v. United States*, 362 U.S. 511, 516 (1960)).

### III. DISCUSSION

The movants assert several different grounds, which are addressed in turn.

5

### A. Joinder

Certain movants allege that the defendants or charges were not properly joined under Rule 8 of the Federal Rules of Criminal Procedure. *See* ECF No. 122 at 10; ECF No. 286-1 at 4. The charges in a conspiracy are properly joined for trial so long as they are "non-frivolous." *Nerlinger*, 862 F.2d at 973; *see also Friedman*, 854 F.2d at 561. Even where there are two conspiracies, they may be tried together if there is "an overlap of participants and acts" and a common purpose. *Attanasio*, 870 F.2d at 815.

In the instant case, Counts One and Count Two of the indictment address separate conspiracies. The conspiracies have an overlapping participant, and overlapping acts and goals. *See* ECF No. 21. The government alleges that the conspiracies were joined by a common plan to manufacture and distribute counterfeit pills and narcotics. ECF No. 331 at 7-8. Defendant Pappas is named in both Count One and Count Two of the indictment, and the complaint affidavit alleges that Willis Taylor possessed drugs for Markos Pappas. ECF No. 1-1, ¶32. Other defendants named in Count One, including Defendants Gumbs, Lauria, Ablondi-Taylor, and Paolella, are alleged to have assisted Mr. Taylor in drug trafficking activities. *See generally* ECF Nos. 1-1 and 21.

The government alleges that Mr. Pappas began the activities described in Count Two after his supplier, Willis Taylor, was arrested along with several "Count One" defendants. ECF No. 331 at 7-8. The government intends to present a Count Two case that requires a background understanding of the facts alleged in Count One. *See id.* It intends to call witnesses and to present wiretap evidence as to the foundation of the conspiracy, which would be necessary in presenting its case as to Counts One and Two.

Severing the cases would require calling such witnesses to testify again and putting on the same evidence twice.

Although many of the defendants named in Count One of the indictment are not named in Count Two, there is both a common participant and the alleged conspiracies themselves overlap, making joinder proper. Defendant Pappas (named in both counts) moves to sever Count Two from Count One. ECF No. 223 at 10-11. However, the alleged conduct of Defendant Pappas, himself, unites these counts in a common purpose and in an overlap of participants and acts.

### B. Spillover Prejudice

Defendants Lauria, Gumbs, and Ablondi-Taylor raise arguments that they would suffer from "spillover prejudice" if their cases were tried with their codefendants. *See* ECF Nos. 300-1 at 5, 286-1 at 4-5, and 302-1 at 4. They suggest that allowing jurors to hear testimony and evidence about Count Two would create an unacceptable risk of prejudice to their cases. As this is a conspiracy case, the case against any individual defendant would allow evidence of coconspirator conduct to prove that there was a conspiracy. *See Rosa*, 11 F.3d at 341 ("Evidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial.").

Defendants Gumbs and Lauria raise concerns about the potential of spillover prejudice from the government's introduction of evidence as to the alleged gang affiliation of some defendants. ECF No. 286-1 at 2-3; ECF No. 300-1 at 4-5, 9. The United States Court of Appeals for the Second Circuit has held that a defendant was not entitled to severance when he claimed spillover prejudice from evidence of codefendants' violent

7

acts and drug deals, whereas he asserted that he had a "minimal role" in the gang activity. *United States v. Delgado*, 972 F.3d 63, 80 (2d Cir. 2020), as amended (Sept. 1, 2020); *see also United States v. Brown*, 627 F. Supp. 3d 206, 235-6 (E.D.N.Y. 2022) (defendants had not sufficiently alleged spillover prejudice when their motions were based on their non-membership in the gang); *see also United States v. Brown*, No. 3:12-CR-74 WWE, 2012 WL 6681690 at *1-2 (D. Conn. Dec. 21, 2012) (non-gang-affiliated defendant denied severance from gang-involved codefendants because the court found that much of the same evidence would be admissible in a separate trial, and jury instructions sufficiently would separate the evidence).

Defendant Ablondi-Taylor contends that he would experience spillover prejudice since his father also has been charged in this case. *See* ECF No. 302-1 at 5. However, the government asserts that it has evidence of Defendant Ablondi-Taylor's involvement in the sale of narcotics. ECF No. 331 at 11-12. In light of the government's charges against Defendant Ablondi-Taylor, it is not prejudicial for his case to be presented alongside that of his codefendants, even if one of those individuals is his father. Even in cases where there is some risk of prejudice, "less drastic measures, such as limiting instructions, often will suffice." *Zafiro*, 506 U.S. at 539. It is the role of the jury to determine what evidence they find persuasive, and which witnesses they credit. Juries regularly receive limiting instructions, and courts presume that they follow them. *See e.g., United States v. Page,* 657 F.3d 126, 131 (2d Cir. 2011). Defendant Ablondi-Taylor remains free to assert a defense of actual innocence.

The defendants who have filed motions to sever have not shown that a joint trial would violate one or more of their specific trial rights, nor that a jury would be unable to make a reliable determination of guilt or innocence.  See *Rosa*, 11 F.3d at 341.

### C. <u>Relative Culpability</u>

Defendant Lauria argues that his case should be severed because he would suffer spillover prejudice in that there is voluminous evidence against his codefendants as compared to him.  ECF No. 300 at 5.  Although the Supreme Court of the United States has noted that the risk of prejudice is heightened "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability," the ultimate question remains whether "a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro*, 506 U.S. at 539.  Defendant Laura has not alleged that any specific trial right of his would be compromised here.

In a conspiracy case involving multiple defendants, it is "almost inevitable" that defendants will bear different degrees of culpability.  *United States v. Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984); *see also United States v. Nersesian*, 824 F.2d 1294, 1304 (2d Cir. 1987) ("That one appellant's role in the conspiracy may have been smaller or less central than that of certain other co-conspirators does not mandate a separate trial.").  The majority of the Count One defendants are charged with the same level of possession as Lauria: the quantities specified in (b)(1)(C).  *See* ECF No. 21.  Therefore, Defendant Lauria's relative culpability claims do not constitute grounds for severance.

9

### D. <u>Number of Defendants</u>

Defendant Gumbs argues for severance on the basis that "fourteen defendant criminal trials are rare if not non-existent in this District." ECF No. 286-1 at 5. However, a large number of defendants does not automatically make severance appropriate. The court must balance the difficulties of conducting large trials with the economy of consolidating trials, which prevents witnesses from having to testify multiple times, preserves judicial resources, and avoids inconsistent verdicts. *See Richardson*, 481 U.S. at 210. The United States Court of Appeals for the Second Circuit has found joinder to be proper in cases with even more defendants. *See e.g., Cervone,* 907 F.2d at 336 (not requiring severance in a racketeering case with 18 defendants and a 102-count indictment). Two defendants, Thomas Joslin and Christopher Cahill, have pled guilty, ECF Nos. 320 and 421, two others are scheduled to plead guilty, ECF Nos. 446 and 453, and the government presumably remains in plea negotiations with other defendants, *see* ECF No. 331 at 14-15. Thus, the number of trial defendants still might be further reduced.

### E. <u>*Bruton* Issues</u>

Defendants Lauria and Ablondi-Taylor raise "concerns regarding [their] Sixth Amendment Confrontation Clause rights under *Bruton v. United States*, 391 U.S. 123 (1968)." ECF No. 300-1 at 3; ECF No. 302-1 at 4-5. While the defendants raise a specific trial right, they provide little clarity as to what issues arise under *Bruton*. The *Bruton* case concerned the confession of a codefendant that served to implicate another defendant, but the Supreme Court of the United States explained that "a non-obvious redaction of a co-defendant's confession to eliminate any references to the defendant will eliminate any *Bruton* problem." *United States v. Lyle*, 919 F.3d 716, 733 (2d Cir. 2019).

10

Defendant Paolella also cites *Bruton* in seeking severance from his codefendants, ECF No. 448-1 at 1–2, anticipating that "it is likely" that counsel for Defendant Willis Taylor will seek to exclude testimony from Mr. Taylor that Mr. Paolella "didn't have anything to do with" Mr. Taylor, and that Mr. Paolella had "nothing to do with anything." *Id.* at 1. Setting aside that Mr. Paolella does not: propose who might elicit such testimony; assess the likelihood of its admissibility (regardless of such presumptive objection), *cf.,* Rule 801 of the Federal Rules of Evidence (explaining that admissions and certain statements against a party's interest are not hearsay); or even address the impact of the allegations tending to negate Mr. Taylor's alleged claims (such as that Mr. Paolella traveled with Mr. Taylor in a vehicle, that he carried a red and black drug ledger to it, and that he tinkered with its door panels before it was found to contain a large quantity of drugs), *see* ECF No. 1-1 at 88–98; *Bruton* is clearly inapplicable to this situation, as the anticipated testimony at the heart of Mr. Paolella's concern is Mr. Taylor's "*exculpatory* statement as to Mr. Paolella's involvement," ECF No. 448-1 at 1 (emphasis added), and it *is not* a codefendant's confession that *inculpates* Mr. Paolella. *See Richardson*, 481 U.S. at 208 (distinguishing from *Bruton* where evidence was not incriminating on its face).

### F. Speedy Trial Rights

Defendant Pappas claims that severance is necessary to vindicate his speedy trial rights, as enumerated by the Speedy Trial Act of 1974 and the Sixth Amendment of the Constitution of the United States. Prior to the instant motion, Defendant Pappas has filed repeated motions for severance and speedy trial. He initially filed a motion to be excluded from the scheduling order, which this court construed as a motion for severance and a motion for speedy trial. *See* ECF Nos. 122, 146, and 182. Pappas subsequently filed a

11

motion for speedy trial, at ECF No. 162, which the court denied at ECF No. 183. Then Pappas filed yet another motion for speedy trial, which the court considered as a motion for reconsideration. ECF Nos. 187 and 188.

The court remains cognizant of Defendant Pappas's speedy trial rights and takes seriously its obligation to "grant a severance if prejudice does appear." *Rittweger*, 524 F.3d at 179 (quoting *Schaffer*, 362 U.S. at 516). However, Defendant Pappas has failed to allege that this court has overlooked controlling decisions or data that would warrant different findings than those already determined by this court as to whether the speedy trial rights of Mr. Pappas had been violated.

Speedy trial rights "prevent oppressive pretrial incarceration." *Barker*, 407 U.S. at 532. The pretrial detention of Mr. Pappas is due to his flight risk and risk to the community. ECF Nos. 18 and 140. The court acknowledges the presumption of innocence and the significant impact that pretrial detention has on a defendant, but it also has a responsibility to ensure the safety of the community and the defendant's appearance at trial.

Moreover, Defendant Pappas has not shown that the delay is unreasonable, under the Speedy Trial Act. The Act considers the tension between judicial economy and the defendants' interests, and requires that courts make a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Pursuant to section 3161(h)(6), exclusions of time under the Speedy Trial Act of 1974 apply to any "codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The court already has found that joinder of the claims was proper under Rule 8 of the Federal Rules of Criminal

Procedure, and the delays have been the result of codefendants' needs. The court has explained the reasons for delay and finds it unnecessary to reiterate them here. *See* ECF Nos. 104, 146, 183, and 188. And, as the docket reflects, the parties continue to negotiate dispositions short of trial, replace counsel, and review and exchange discovery. *See, e.g.,* ECF Nos. 439, 443, 446, 451, and 453.

As there is no violation of Defendant Pappas's speedy trial rights, the court declines to sever his case on this basis.

## ORDERS

Accordingly, the motions to sever filed by Defendants Pappas, Gumbs, Lauria, Ablondi-Taylor and Paolella, at ECF Nos. 223, 286, 296, 300, 302, and 448 are **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 13th day of March, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE