**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

UNITED STATES OF AMERICA

v.

MARKOS PAPPAS

No. 3:23-cr-62-12 (OAW)

---

## ORDER GRANTING ECF NO. 907, MOTION TO EXCLUDE GANG EVIDENCE

Before the court is Mr. Pappas's motion, ECF No. 907,[1] to exclude evidence relating to his alleged gang affiliationin in a case wherein he is being prosecuted for illegal drug and drug conspiracy crimes, ECF No. 1.  The government filed its opposition to the motion, ECF No. 991 at 13–14, and separately moved in limine, ECF No. 951, to admit evidence of Mr. Pappas's gang affilation for the limited purpose of showing his financial motivation to distribute narcotics.  For the reasons that follow, the court hereby **GRANTS** Mr. Pappas's motion (ECF No. 907) over the government's objection thereto, and **DENIES** the government's motion (ECF No. 951).  And while the court acknowledges that Mr. Gumbs adopted Mr. Pappas's motion, *see* ECF No. 918, it nevertheless notes that the government did not intend to offer any evidence of gang membership or affiliation as to Mr. Gumbs, *see* ECF No. 991, at 13.  Thus, his adopted motion is **DENIED as moot.** And while Mr. Ecchevarria is described as a known gang member, *see* ECF No. 1 at 51 ¶ 115, he neither adopts the motion nor appears to be a target of its subject evidence.

---

[1] Mr. Pappas recently filed a reply brief.  *See* ECF No. 1088.  That brief will not be considered because it is out of time.  Local Rule of Criminal Procedure 1 lists Local Rule of Civil Procedure 7(d) among those civil rules which apply to criminal cases.  Local Rule 7(d) specifies that replies are unnecessary and requires such memoranda to be filed within 14 days of the filing to which they reply.  The government's response was filed on November 1, 2024.  ECF No. 991.  Mr. Pappas's reply was filed almost four weeks later.  The court has assiduously enforced its filing deadlines as this case approaches trial, and it will do so here.

**BACKGROUND**

The Complaint alleges Mr. Pappas is the "current regional leader of the Latin Kings gang," *id.* at 32 ¶71, and is associated with its "affiliated Uncaged Lions motorcycle club," *id.* at 56 ¶ 30.  The government moves in limine to admit a "small subset of evidence" that refers to Mr. Pappas's membership in these organizations "for [the] very limited purpose" of presenting context for his activities, and for his "financial motivation to distribute narcotics with his coconspirators."  ECF No. 951 at 13.  More specifically, the government alleges that Mr. Pappas ran a "garage business" which was financially failing due to his known gang affiliation, thereby causing Mr. Pappas to resort to drug crime.  *Id.* at 13–17. It argues that evidence of Mr. Pappas's gang affiliation is necessary for the jury's understanding of his "criminal relationships" and of his codefendants' frustration with his business decisions (which tended to identify his garage with the gang), as gang affiliation caused customers to fear violence, and prosecution (if those customers who were under supervision for a previous criminal conviction patronized his "gang oriented garage").  *Id.*

The government suggests that this evidence is relevant and admissible insofar as it proves motive, *id.* at 13, a claim Mr. Pappas anticipated in arguing that it would inflame and prejudice the jury in its assessment of his "non-violent drug charges," ECF No. 907. Indeed, the court takes judicial notice that sources from basic Internet searches generally describe the Latin Kings as a large, national, street and prison gang involved in homicide and other violence, as well as drug crimes.  *See* https://en.wikipedia.org/wiki/Latin_Kings (last visited Dec. 4, 2024); *see also What we know about the Latin Kings*, THE HERALD NEWS (Dec. 5, 2019, 2:26 p.m.), https://www.heraldnews.com/picture-gallery/news/2019/12/05/what-we-know-about-the/67001762007/ (last visited Dec. 4, 2024); U.S.

Dep't of Just., Nat'l Drug Intel. Ctr., *Attorney General's Report to Congress on the Growth of Violent Street Gangs in Suburban Areas* at App. B (*National-Level Street, Prison, and Outlaw Motorcycle Gang Profiles*) (Apr. 2008), https://www.justice.gov/archive/ndic/pubs 27/27612/appendb.htm (last visited Dec. 4, 2024); G W Knox & T F McCurrie, (Abstract) *Gang Profile: The Latin Kings*, 4 J. OF GANG RSCH. 1 (Fall 1996), https://www.ojp.gov/ ncjrs/virtual-library/abstracts/gang-profile-latin-kings (last visited Dec. 4, 2024).

**LEGAL STANDARD**

Federal Rule of Evidence 404(b) states, "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" unless offered for a proper purpose, including motive or intent.  The government states a proper purpose by arguing that it seeks to admit evidence of Mr. Pappas's gang affiliation "to present a complete narrative to the jury and to provide evidence about Pappas's financial motivation to distribute narcotics with his coconspirators."  ECF No. 951, pg. 13.

The United States Court of Appeals for the Second Circuit "follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402."  *United States v. Graham*, 51 F.4th 67, 81-82 (2d Cir. 2022) (quoting *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011)).  Rule 404(b) has been read to exclude from its scope "evidence of uncharged criminal activity…if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense,

or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)).  But satisfying Rule 404(b) is not the end of the matter.

Any evidence offered for a proper purpose under Rule 404(b) still may be excluded "if its probative value is substantially outweighed by a danger . . . of unfair prejudice, confusing the issues, [or] misleading the jury."  Fed. R. Evid. 403.[2]  Virtually all evidence is prejudicial to one party or another, but the focus of Rule 403 is whether probative value is *substantially outweighed* by a danger of *unfair* prejudice.

"The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *United States v. Elfgeeh*, 515 F.3d 100, 128 (2d Cir. 2008) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  And as for what might "substantially outweigh" the probative value of offered evidence, the court must consider whether the gang evidence the government wishes to introduce would be "more sensational or disturbing" than the drug crimes with which Mr. Pappas stands charged.  *United States v. Roldan-Zapata*, 916 F.2d 795 (2d Cir. 1990).

"There is no blanket rule disallowing evidence of gang affiliation, although such evidence must be handled with care, because a jury is likely to associate gangs with criminal activity and deviant behavior, raising the specter of guilt by association or a verdict influenced by emotion."  2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 403.04 (Mark S. Brodin, ed., Matthew Bender 2d ed. 2024) (internal quotation marks and citations omitted).

---

[2] Mr. Pappas did not cite Rule 403 in any of his papers, but the court considers it *sua sponte*.

**DISCUSSION**

The government directs the court to a handful of cases wherein gang-related evidence was admitted over a Rule 404(b) objection.  Indeed, the admission of evidence suggesting a defendant's affiliation with the Connecticut branch of the Latin Kings was upheld by the United States Court of Appeals for the Second Circuit in *United States v. Diaz*, 176 F.3d 52, 79-80 (2d Cir. 1999) (affirming district court's order admitting evidence tending to show defendants were members of the Latin Kings to inform the  jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators over Rules 404(b) and 403 objections).  However, *Diaz* was a RICO case which involved not only drug charges, but allegations of "conspiring to commit or committing *murders or other violent crimes* in aid of racketeering ("VICAR")."  *Id.* at 72 (emphasis added).  In the present case scheduled for trial, none of the four remaining defendants faces any charges alleging physical violence.  Further, several codefendants (many of whom have pleaded guilty) were not alleged to have been gang affiliated.

After careful consideration, the court finds that Rule 403 **prohibits** the admission of evidence mentioning or suggesting Mr. Pappas's gang affiliation (either generally, or specifically as to the Latin Kings).  Such gang evidence might be probative of motive, but motive is not an element of either crime charged against Mr. Pappas.  *See* ECF No. 21.  Further, gang evidence is far from necessary to explain to the jury that Mr. Pappas's garage was not a solvent business, particularly where a wiretap allegedly captured two of his codefendants describing Mr. Pappas's business as "not good," and noting that he "struggles making money at his garages."  *See* ECF No. 951 at 15.  A codefendant even

allegedly says that "the only way [he] make[s] money with [Mr. Pappas] is when [he] sells

drugs." *Id.*  Gang affiliation is unnecessary to explain the insolvency of the business.

Further, the wiretap communications could lead a jury to believe that Mr. Pappas sold

drugs with certain codefendants, and that this was their only profitable joint venture.  Thus,

gang affiliation is not necessary to "demonstrate a criminal relationship."  *Id.* at 16.

In addition to the limited probative value of gang affiliation evidence, its danger of

unfair prejudice is high.  "Courts have recognized the substantial risk of unfair prejudice

attached to gang affiliation evidence, noting such evidence is likely to be damaging to a

defendant in the eyes of the jury."  *United States v. Taveras*, 585 F. Supp. 2d 327, 336

(E.D.N.Y. 2008) (internal quotation marks and citation omitted).  That is because people

tend to associate gangs with violence and criminality.  That taint of criminality might lead

a jury to conclude that Mr. Pappas (and his alleged coconspirators) have a propensity to

commit crime.  The government's own proffer is persuasive of this point.  *See, e.g.,* ECF

No. 951, pgs. 14-15 (highlighting wiretap communications suggesting that Mr. Pappas

had painted his garage in the colors of the Latin Kings, suspecting that customers

resultantly were afraid to do business there, presuming that people tend to associate the

Latin Kings with a particular triple homicide, drive-by shootings, violence that injured

young children in the 1980s and 1990s, and further worrying that Mr. Pappas had

associated the garage with both the Latin Kings and the Uncaged Lions, whether or not

Mr. Pappas in fact had "anything to do with" such organizations).

Again, the court finds that the risk of unfair prejudice from the admission of any

gang related evidence substantially outweighs any limited probative value it might offer.

Accordingly, the government is ordered **not** to mention or to elicit gang related testimony

or evidence, and not to make any argument of gang affiliation.  Further, the government must redact from any transcript, report, or audio file it intends to introduce into evidence any mention of, or reference to, gangs or gang affiliation (to include the Latin Kings, the Uncaged Lions, and their color schemes).

The government correctly warns that Mr. Pappas could open the door to the admission of gang evidence, if, for example, he were to argue that the garage was a legitimate business.  *See United States v. Reichberg*, 5 F.4th 233, 241–242 (2d Cir. 2021) (finding that innocent explanations of how defendants met each other permitted government to introduce evidence of gang membership).  In such a case, the court could issue a limiting instruction explaining the narrow purpose of admission (motive and intent).

However, to the extent the government suggests that evidence of gang affiliation somehow is necessary to prove that the business was not profitable, the court disagrees. Should Mr. Pappas claim that the garage was profitable, the government could counter with financial evidence, or it could ask the jury to consider whether tax records or other indicia of a lawful and profitable enterprise were offered in support of such claims (without the government needing to present evidence of gang affiliation, or to mention it at all).

**IT IS SO ORDERED** at Hartford, Connecticut, this 5th day of December, 2024.

           /s/           
Omar A. Williams
United States District Judge
