**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO. 3:23-cr-00062 (OAW) |
| v. ) | |
| ) | |
| ) | |
| MARKOS PAPPAS ) | |
| ) | |
| ) | |

**ORDER DENYING MOTIONS TO SUPPRESS (ECF NO. 901 & 903)**

Defendant Markos Pappas moves this court to suppress evidence obtained from the third and fourth wiretaps, and also from two of his cell phones. Having carefully considered the parties' briefing on these issues, the motions hereby are **DENIED**.

### I. BACKGROUND AND DISCUSSION

#### A. Timing of Motions

Mr. Pappas stylized his motions as motions in limine, but they are motions to suppress. The content, not the title, governs the court's analysis. *See United States v. Mangine*, 302 F.3d 819, 822 (8th Cir. 2002) ("[Defendant] appears to have disguised a late motion to suppress evidence…as a motion in limine."). The court's scheduling order cannot be avoided by simply disguising a motion to suppress as a motion in limine. *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (affirming district court's decision not to consider merits of untimely motion to suppress masquerading as motion in limine). Further, neither motion cites a single Rule of Evidence (not even Fed. R. Evid. 402).

Moreover, the motions are *far* out of time. Each was filed on October 18, 2024, *see* ECF Nos. 901, 903, whereas the deadline for the same was on **December 1, 2023,**

1

as established by ECF No. 250, which was issued on October 12, 2023 (nearly **one year** before the motions were filed).[1] Again, these motions are more than ***ten months*** late.

Stepping back, a more comprehensive review of the docket is instructive here. The original deadline for all dispositive motions was October 2, 2023. *See* ECF No. 199 (issued Aug. 18, 2023). However, that deadline was extended to December 1, 2023. *See* ECF No. 250 (issued Oct. 12, 2023). On the date that deadline was set (October 12, 2023), Mr. Pappas sought to be tried "by November 11, 2023," ECF No. 251 at 3, even offering "to forego filing of substantive pretrial motions to enable the trial date in this matter to be set for on or about September 28, 2023," *see* ECF No. 223-1 at 3. In fact, as early as May 15, 2023, Mr. Pappas sought a July 2023 trial with only eight weeks to prepare and to file dispositive motions before *that* time. *See* ECF No. 122 at 2 ¶ 5 (representing, "[Mr.] Pappas can have dispositive motions filed and be ready for trial by the first week of July, approximately 8 weeks away."). Further, on June 16, 2023, Mr. Pappas moved for a speedy trial by June 28, 2023 (even *earlier* than his trial scheduling request from the previous month), which was approximately 90 days since he had been ordered detained.

While it might seem that Mr. Pappas would have deemed himself prepared for trial with either little time to draft and file substantive motions or through his abandonment of such motions altogether, another reasonable assessment of the entire docket might be that Mr. Pappas simply sought to create the impression of a desire for an immediate trial before which the government never would have been able to produce all discoverable materials, and that even if the government had done so, Mr. Pappas would not have had

---

[1] Trial was then moved to June 20, 2024, at ECF No. 261 (issued Nov. 8, 2023), but without further extension of the deadline within which to file substantive motions.

time to review all those materials and/or to have submitted dispositive motions (as made clear through the discussion at the discovery conference on November 7, 2024, *see e.g.,* ECF No. 1034; *see also* ECF No. 1144-1), in which case he would have moved to dismiss the case and/or moved to suppress what he had not by then received. While at times, Mr. Pappas has shown himself in court and through the docket to be thorough and prepared, with a sharp awareness of the docket activity, through his blizzard of filings and perhaps a bit of irony, Mr. Pappas seems to have ignored, overlooked, or strategically passed by his dispositive motions deadline, and even to have failed to timely move for an extension of time as did his codefendants (which his docket vigilance throughout this case makes all the more unlikely). Mr. Paolella was given a deadline of January 30, 2024, *see* ECF No. 295 (issued Dec. 1, 2023), and then had it extended to February 26, 2024, *see* ECF No. 387 (issued Jan. 25, 2024). After that, Mr. King was given an extension until March 27, 2024. *See* ECF No. 437 (issued Feb. 27, 2024).[2] To be clear, even at the most generous deadline for substantive motion that applied to any of his codefendants (March 27, 2024, as to Mr. King), Mr. Pappas's motions **still** would have been **more than six months late** when filed. And failure to adhere to well-established deadlines, even by a self-represented defendant, can result in the court declining to consider the motions of that late-filing defendant.

Managing deadlines is squarely within the court's discretion. *United States v. Boone*, 324 F. App'x 272, 273 (4th Cir. 2009) (defendant waived right to file untimely suppression

---

[2] That same day (Feb. 27, 2024) there was additional docket activity, in that the government moved to continue certain other pretrial deadlines, *see* ECF No. 438, which the court granted, *see* ECF No. 443.

motion absent good cause), *United States v. Wertz*, 625 F.2d 1128, 1132 (4th Cir. 1980) (no error where judge denies consideration of motion to suppress that is filed late without good cause shown), United States v. Kelly, 609 F. Supp. 3d 85, (E.D.N.Y. 2022); *see also United States v. Lugo Guerrero*, 524 F.3d 5 (1st Cir. 2008) (waiver where defendant missed court's deadline for pretrial motions absent good cause shown), *United States v. Bogard, 846 F.2d 563* (9th Cir. 1988), *United States v. Allied Stevedoring Corp.*, 241 F.2d 925 (2d Cir. 1957).

Belated motions to suppress threaten more than judicial economy, but also their own ability to be scheduled for a hearing as trial approaches (particularly when tossed in among a flurry of other motions, and motions to reconsider prior rulings, together with concurrent demands for a speedy trial).  Presumably, Mr. Pappas would argue he filed the instant motions early enough to permit the court ample time to consider them before trial was continued in this matter (ECF No. 1047), but that overlooks the docket, and the dozens of motions filed since that time – some more urgent than others.

The court denies the motions for the independent reason that they are untimely.[3] Defendant does not explain why the court should excuse his late filings.  Furthermore, he admits knowledge for over eighteen months before the motions were filed that the government investigators had the evidence targeted by the motions.  *See* ECF No. 903 at 1–2 (conceding knowledge on February 2, 2023, that his iPhone was seized from him, and on May 2, 2023, that his Samsung phone was seized pursuant to a warrant).  Despite clear knowledge at the time of the substantive motion deadline that the government had "Pappas' iPhone" and "Pappas' Samsung phone," *id.* at 2, and that he had been the

---

[3] On their face, the motions also have little merit.

4

subject of a wiretap order at the time when each phone was seized, Mr. Pappas still failed to timely file his suppression motions or to request an extension of their deadline even as his codefendants did the same.

### B. Merits

The court's denial notwithstanding, it will briefly discuss the merits of Mr. Pappas's motions. That a court chooses to review the merits of a motion despite being filed past a deadline does not upset dismissal based on untimeliness. *United States v. Obiukwu,* 17 F.3d 816, 819 (6th Cir.1994) ("The fact that the district court saw fit to rule on the merits of [the] motion, despite its untimeliness, does not save the defendant from waiver of the grounds stated in the motion.").

i. <u>Third and Fourth Wiretaps (ECF No. 901)</u>

*1. Absence of Authorization for Third Wiretap*

The government rather strenuously denies that Mr. Pappas has not been provided the authorization for the third wiretap. Indeed, it averred through its filings (*see, e.g.*, ECF No. 1192) that is has produced the authorization time and time again – a contention that Mr. Pappas did not contest at the parties' discovery hearing and pretrial scheduling conference on January 6, 2025. Accordingly, the court is satisfied having reviewed the government's response and its other filings in this case that the authorization existed, that it was included with the documents presented to Judge Dooley, and that Mr. Pappas's argument lacks merit.

*2. Electronic Signature on Fourth Authorization*

5

Mr. Pappas then argues that "an electronic signature is not a valid signature" under 18 U.S.C. § 2516(1), though he offers no legal support for the same. ECF No. 901 at 3. His argument borders on the frivolous and is rejected by the court.

### 3. Allegations Concerning Case No. 23-cr-107

The court denies Mr. Pappas's argument consistent with the government's brief in opposition. It would seem his path forward toward relief is to file a motion in 23-cr-107.

### 4. Pappas's Travel as Basis for Exclusion

Pappas argues that his own travel invalidates the wiretaps in this case. That is not the case, and entertaining such an argument would lead to absurd results, such as by allowing suspects to evade criminal investigation simply by fleeing to another state (or by simply planning illegal activity to take place in other states). Further, the court denies this tortured interpretation of the statute with respect to where intercepted communications were first heard, and also denies the remainder of Mr. Pappas's speculative arguments. Finally, Mr. Pappas offers not a single case in support of his argument, and it is denied.

### 5. Risk of Manipulation and/or Alteration

Mr. Pappas highlights the risk of manipulation or alteration without providing specific proof of any such manipulation or alteration. He attaches no exhibits to his motion, and it would seem that he is arguing that the court should exclude the bulk of the evidence against him because it *might have* been tampered with. His request is denied.

### 6. Four Days to Seal Wiretap

Like his argument regarding wet signatures versus electronic signatures, this argument borders on frivolous. It is denied.

### 7. Minimization Failure

6

The argument that certain texts were not properly minimized also is denied for the same reasons the court denied his fifth argument. Mr. Pappas does not seek to exclude specific text messages; instead, he seeks to exclude them all through the unsupported assertion that some were not properly minimized. Again, he cites no exhibits and raises no examples of the same. Thus, the motion is denied.

### ii. Evidence From His Seized Cell Phones (ECF No. 903)

*1. iPhone*

On February 2, 2023, law enforcement personnel arrested Mr. Pappas after he fled from a traffic stop, as captured on video. He argues the police lacked probable cause to seize his phone at that time. However, that is plainly not the case. As the court articulated in disposing of his motion to suppress (ECF No. 693) the police intercepted phone calls from Mr. Pappas to his codefendant, Julio Echevarria. As he fled from police, Mr. Pappas told Mr. Echevarria he "had a stop" and "wasn't comfortable with how that was going." Indeed, Mr. Pappas fled police once a K9 arrived on the scene. On a second call made five minutes later by Pappas to Echevarria, Pappas told his codefendant he "gotta, gonna' give you something really quick." The import of his flight from police at the time the K9 arrived, his first call with Echevarria, and his remark that he needed to give him "something" before he turned himself into police is that investigators had probable cause to search his phone for evidence substantiating that the calls were made to Echevarria. Certainly, these events establish probable cause.

Furthermore, Pappas neglects to mention the breadth of the evidence contained in the government's filings in this case. There is substantial evidence in the record that Pappas used cellular phones to coordinate drug distribution. *United States v. Martinez*,

No. 19-cr-0536 (PKC), 2021 U.S. Dist. LEXIS 89972, *6-7 (S.D.N.Y. May 11, 2021) (denying motion to suppress evidence from cellular phones where there was evidence Defendant used cell phones generally to coordinate drug sales); *see also United States v. Hammett*, 555 Fed. Appx. 108, 110 (2d Cir. 2018) (describing cell phones as "tools of the drug trade"); *United States v. Burkley*, 513 F.3d 1183, 1189 (10th Cir. 2008) (noting that multiple cell phone use is a "common practice in the drug trade"), *United States v. Gaskin*, 364 F.3d 438, 457-58 (2d Cir. 2004) (finding justified seizure of narcotics trafficker's cell phones where based on agent's experience), *United States v. Benevento,* 836 F.2d 60, 70-71 (2d Cir. 1987) (recognizing narcotics agent's experience as being relevant to probable cause determination for issuing search warrant) (citing *United States v. Fama,* 758 F.2d 834, 838 (2d Cir. 1985).

### 2. Samsung

The court denies the motion as to Mr. Pappas's Samsung phone. As a preliminary matter, Mr. Pappas did not submit any exhibits with his motion, and the court does not have the warrant before it. Presumably, the document is sealed, and the court declines to search *thousands* of case numbers looking for it, or to request that the Clerk's Office assist the court in such an endeavor.[4] Thus, the court is unable to adjudicate the merits of Mr. Pappas's motion as to his Samsung device. In any event, the court reiterates its ruling as to Mr. Pappas's iPhone to the extent the warrants are similar.

### 3. Extractions

Mr. Pappas was satisfied the court resolved the extraction issue, thus relief is denied.

## II.   **CONCLUSION**

---

[4] The court notes that it reviewed the related dockets in this case and could not locate the warrant.

9

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Mr. Pappas's motions in limine (ECF Nos. 901 and 903) are **DENIED.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 19 day of January, 2025.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE